Peter Strojnik, State Bar No. 6464
**STROJNIK P.C.**
2375 East Camelback Road Suite 600
Phoenix, Arizona 85016
Telephone:  (602) 524-6602
ADA@strojnik.com
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| | Case No: |
| ANGELICA T. DAMIANO | **VERIFIED COMPLAINT** |
| Plaintiff, | **Americans with Disabilities Act** |
| | **1. 28 CFR § 36.302(e)** |
| vs. | **2. Negligence** |
| RED ROCK HOSPITALITY, INC. dba HOLIDAY INN EXPRESS HOTEL & SUITES GALLUP EAST, | |
| | **JURY TRIAL REQUESTED** |
| Defendant. | |

## INTRODUCTION

1.      Plaintiff brings this action pursuant to the Americans with Disabilities Act, 42 U.S.C. §12101 *et seq.* and corresponding regulations, 28 CFR Part 36 and Department of Justice Standards for Accessible Design ("ADA").

2.      Plaintiff is a disabled individual. Plaintiff ambulates with the aid of a cane, walker or wheelchair, depending on the distance of movement as a result of Neuropathy related to Diabetic Nerve Damage and Degenerative Arthritis. Plaintiff suffers from a disability as this term is defined in 42 U.S.C. 12102 and 28 CFR §36.105 (c)(1)(i) which includes, inter alia, disabilities in "walking, standing, sitting, reaching, lifting [and] bending" and other activities.

3.     Plaintiff is constantly and relentlessly segregated and discriminated against, excluded, denied equal services, or otherwise treated differently than other individuals because of her disability, and has been denied the opportunity to participate in or benefit from services, facilities and opportunities available people without disabilities.

4.     Plaintiff incorporates herein Congressional Findings and Purpose set forth in 42 U.S.C. §12-101 and 28 CFR §36.101.

5.     Plaintiff is being subjected to discrimination on the basis of disability in violation of Subchapter III of the Americans with Disabilities Act or has reasonable ground to believe that that she is about to be subjected to discrimination in violation of 42 U.S.C. §12183.

6.     Plaintiff alleges that she has actual notice that Defendant has failed to comply with Subchapter III of the ADA, 28 CFR 36 as more fully alleged below.

7.     Plaintiff alleges that she has no obligation to engage in futile gestures as referenced in 42 U.S.C. §12188(A)(1) and 28 C.F.R. Subpart E

8.     Defendant has discriminated against Plaintiff by the following actions and failures to act –

a.     Failing to make reasonable modifications in policies, practices, or procedures which are necessary to afford Plaintiff and others similarly situated accessibility to Defendant's place of public accommodation, thus violating 42 U.S.C. §12182(b)(2)(A)(ii) and 28 C.F.R. §36.302(a); and

b.     Failing to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise

2

treated differently than other individuals because of the absence of auxiliary aids and services, thus violating 42 U.S.C. §12182(b)(2)(A)(iii); and

c.      Failing to remove barriers to accessibility where such removal is readily achievable, thus violating 42 U.S.C. §12182(b)(2)(A)(iii), 28 CFR 36 and the 2010 Standards.

## PARTIES

9.      Plaintiff is a disabled person and a committed individual to advance the time when places of public accommodations will be compliant with the ADA. Plaintiff resides in Mesa, Arizona.

10.      Defendant, Red Rock Hospitality, Inc. D/B/A Holiday Inn Express Hotel & Suites Gallup East, owns, leases (or leases to another), or operates a hotel at 3850 East Historic Highway 66, Gallup, NM 89301, which is a public accommodation pursuant to 42 U.S.C. § 12181(7)(A) which offers public lodging services *See* 28 CFR §36.104 and a listing of public accommodations in 42 U.S.C. §12181(7).

## SUBJECT MATTER JURISDICTION

11.      District Court has jurisdiction over this case or controversy by virtue of 28 U.S.C. §§ 28-1331 and 42 U.S.C. § 12188 and 28 U.S.C. § 1367.

12.      Plaintiff brings this action as a private attorney general who has been personally subjected to discrimination on the basis of her disability, *see* 42 U.S.C.12188 and 28 CFR §36.501.

13.      Venue is proper pursuant to 28 U.S.C. § 1391.

## PERSONAL JURISDICTION

14.      Defendant, directly and through its booking agents, maintains interactive

booking websites which are expressly aimed at Arizona residents, including Plaintiff.

15.     For purposes of personal jurisdiction, the actions of Defendant's booking agents are attributable to the Defendant.  Defendant's booking agent's conduct, on behalf of the principal, gives rise to this cause of action. Plaintiff further alleges, upon information and belief, that:

    a.  Defendant's Booking Agents have express authority to act on its behalf; and/or

    b.  Defendant's booking agents reasonably believe, in accordance with the Defendant's manifestations, that the Defendant wishes the booking agents to so act in a manner specified below; and/or

    c.  Defendant allows booking agents to conclude that booking agents are authorized to maintain booking websites and/or make booking representations and/or to actually book a room to Plaintiff; and/or

    d.  Defendant's conduct created apparent authority to Plaintiff that booking agents' have the authority to act for Defendant through booking websites and/or oral representations.

16.     Defendant's booking agencies are Defendant's actual or apparent agents, that is, (1) they have power to affect the principal's legal relations in accord with the agent's reasonable understanding, at the time the agent acts, of the principal's manifestations to the agent, and/or (2), Defendant has intentionally or inadvertently induced Plaintiff to believe that booking agents were Defendant's agents.

17.     Defendant, directly and/or through its booking agents, maintains interactive websites which permit the residents of the State of Arizona, including Plaintiff herein, to

4

enter into contracts for renting of rooms and otherwise conducting business through the internet.

18.     Defendant has purposefully directed its activities or consummated some transaction with Arizona residents, including Plaintiff herein.

**STANDING TO SUE JURISDICTION**

19.     Plaintiff reviewed Defendant's online reservation services to book an ambulatory and wheelchair accessible room. Plaintiff was denied equal opportunity to use and enjoyment of a critical public accommodation through Defendant's acts of discrimination and segregation alleged below.

20.     Plaintiff intends to book a room at the Defendant's hotel once Defendant has removed all accessibility barriers, including the ones not specifically referenced herein, and has fully complied with the ADA.

21.      Because of Defendant's denial of Plaintiff's use and enjoyment of a critical public accommodation through Defendant's acts of discrimination and segregation, she is deterred from visiting that accommodation by accessibility barriers and other violations of the ADA.

22.     Defendant has denied Plaintiff -

      a.   The opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations at its hotel.

      b.   The right to be included in the population at large who benefits from Defendant's hotel without being segregated because of her disability.

23.     Plaintiff intends to book a room at Defendant's hotel in the future, but she will likely suffer repeated injury unless and until the barriers of accessibility and

ambulatory and wheelchair accessibility barriers have been removed.

**CONTINUING JURISDICTION**

24.     ADA violations which form the subject matter of this Verified Complaint change frequently due to regular maintenance, remodels, repairs, and normal wear and tear and policy modifications.

25.     Defendant's ADA Violations are of the type that can reasonably be expected to start up again, allowing Defendant to be free to return to the old ways' after the threat of a lawsuit had passed.

26.     If one or more ADA violation are cured, Plaintiff alleges that they were cured and timed to anticipate the current lawsuit, and not as a good faith effort to comply with the ADA.

27.     To remedy the violations of 28 CFR 36.302(e), Defendant would be required not only to modify all Defendant's Booking Agents and Defendant's own lodging and booking websites, but would be required to do so truthfully and accurately.

**COUNT ONE**

Violation of Plaintiff's Civil Rights under the ADA

28.     Plaintiff realleges all allegations heretofore set forth.

29.     By virtue of her disability, Plaintiff requires an ADA compliant lodging facility particularly applicable to her mobility, both ambulatory and wheelchair assisted.

30.     On or about February 3, 2018 Plaintiff decided to visit Gallup.

31.     Plaintiff visited Defendant's booking agent's website, www.expedia.com ("Defendants' Booking Agent") to book a room there.

32.     Defendant's Booking Agent's website did not permit Plaintiff to make

reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms, requiring Plaintiff to make additional notes before booking relating to "specific accessibility needs" as referenced below.

**Accessibility**

If you have requests for specific accessibility needs, please note them at check-out when you book your room,

- In-room accessibility

33.     Defendant's Booking Agent's website failed to identify and describe mobility related accessibility features and guest rooms offered through its reservations service in enough detail to reasonably permit Plaintiff to assess independently whether Defendant's hotel meets her accessibility needs.

34.     Defendant's Booking Agent's website failed to disclose the following accessibility features in enough detail to reasonably permit Plaintiff to assess independently whether Defendant's hotel and guest rooms meets her accessibility needs:

a.     Whether accessible routes comply with § 206 of the 2010 Standards; and

b.     Whether operable parts on accessible elements, accessible routes and accessible rooms comply with §§205 and 803 of the 2010 Standards; and

c.     Whether any accessible means of egress comply with §207 of the 2010 Standards.

d.     Whether parking spaces comply with §§208 and 502 of the 2010 Standards; and

e.     Whether passenger loading zones comply with §§209 and 503 of the 2010 Standards; and

f.      Whether any drinking fountains comply with §211 of the 2010 Standards; and

g.      Whether any kitchens, kitchenettes and sinks comply with §§212 and 804 of the 2010 Standards; and

h.      Whether toilet facilities and bathing facilities comply with §213 of the 2010 Standards; and

i.      Whether any washing machines and clothes dryers comply with §§214 and 611 of the 2010 Standards; and

j.      Whether accessible hotel rooms comply with §224 of the 2010 Standards; and

k.      Whether dining surfaces and work surfaces comply with §§226 and 902 of the 2010 Standards; and

l.      Whether sales and service elements comply with §227 of the 2010 Standards; and

m.      Whether any saunas and steam rooms comply with §§241 and 612 of the 2010 Standards; and

n.      Whether any swimming pools, wading pools and spas comply with §§242 and 1009 of the 2010 Standards; and

o.      Whether floor and ground surfaces comply with §302 of the 2010 Standards; and

p.      Whether changes in level comply with §303 of the 2010 Standards; and

q.      Whether turning spaces comply with § 304 of the 2010 Standards;

and

r.      Whether floor and ground spaces comply with §305 of the 2010 Standards; and

s.      Whether knee and toes clearances comply with §306 of the 2010 Standards; and

t.      Whether protruding objects comply with §307 of the 2010 Standards; and

u.      Whether the reach ranges comply with §308 of the 2010 Standards; and

v.      Whether the operating parts on accessible features comply with §309 of the 2010 Standards; and

w.      Whether accessible routes comply with §402 of the 2010 Standards; and

x.      Whether walking surfaces comply with §403 of the 2010 Standards; and

y.      Whether doors, doorways and gates comply with §404 of the 2010 Standards; and

z.      Whether ramps comply with § 405 of the 2010 Standards; and

aa.     Whether curb ramps comply with §406 of the 2010 Standards; and

bb.     Whether any elevators comply with §407 of the 2010 Standards; and

cc.     Whether any platform lifts comply with §410 of the 2010 Standards; and

dd.     Whether any stairways comply with §504 of the 2010 Standards;

9

and

ee.     Whether handrails on elements requiring handrails comply with §505 of the 2010 Standards; and

ff.     Whether the plumbing facilities comply with Chapter 6 of the 2010 Standards with respect to all the following subchapters of Chapter 6: §§ 602 (drinking fountains), 603 (toilets and bathing rooms), 604 (water closets and toilet compartments, 605 (urinals), 606 (lavatories and sinks), 607 (bathtubs), 607 (shower compartments), 608 (grab bars), 610 (seats in bathtubs and shower compartments), and

gg.     Whether service counters comply with 904 of the 2010 Standards.

35.     Thereafter, Plaintiff consulted Defendant's website at

https://www.hiexpress.com/hotels/us/en/gallup/gupes/hoteldetail?qAdlt=1&qBrs=6c.hi.ex.rs.ic.cp.in.sb.cw.cv.ul.vn.ki.sp.nd.ct&qChld=0&qFRA=1&qGRM=0&qIta=99504425&qPSt=0&qRRSrt=rt&qRef=df&qRms=1&qRpn=1&qRpp=20&qSHp=1&qSmP=3&qSrt=sBR&qWch=0&srb_u=1&icdv=99504425&dp=true&glat=SEAR

to determine the information unavailable from the Defendant's Booking Agent's website.

36.     Defendant's website failed to identify and describe mobility related accessibility features and guest rooms offered through its reservations service in enough detail to reasonably permit Plaintiff to assess independently whether Defendant's hotel meets her accessibility needs.

37.     Defendant's website disclosed the following accessibility features:

10



**King Bed**

**Only 1 Room Left!**

**King Mobil Accessible Roll In Shwr Nosmk**

Experience quality amenities high speed internet a hot breakfast with a king sized bed equipped with an ADA compliant bathroom including grab bars roll in shower raised toilet and an adjustable shower head as well as an open bed frame.

  2

38.     In particular, Defendant's website failed to disclose the following accessibility features in enough detail to reasonably permit Plaintiff to assess independently whether Defendant's hotel and guest rooms meets her accessibility needs:

a.     Whether accessible routes comply with § 206 of the 2010 Standards; and

b.     Whether operable parts on accessible elements, accessible routes and accessible rooms comply with §§205 and 803 of the 2010 Standards; and

c.     Whether any accessible means of egress comply with §207 of the 2010 Standards.

d.     Whether parking spaces comply with §§208 and 502 of the 2010 Standards; and

e.     Whether passenger loading zones comply with §§209 and 503 of the 2010 Standards; and

f.     Whether any drinking fountains comply with §211 of the 2010 Standards; and

g.     Whether any kitchens, kitchenettes and sinks comply with §§212 and 804 of the 2010 Standards; and

h.     Whether toilet facilities and bathing facilities comply with §213 of

the 2010 Standards; and

i.      Whether any washing machines and clothes dryers comply with §§214 and 611 of the 2010 Standards; and

j.      Whether accessible hotel rooms comply with §224 of the 2010 Standards; and

k.      Whether dining surfaces and work surfaces comply with §§226 and 902 of the 2010 Standards; and

l.      Whether sales and service elements comply with §227 of the 2010 Standards; and

m.      Whether any saunas and steam rooms comply with §§241 and 612 of the 2010 Standards; and

n.      Whether any swimming pools, wading pools and spas comply with §§242 and 1009 of the 2010 Standards; and

o.      Whether floor and ground surfaces comply with §302 of the 2010 Standards; and

p.      Whether changes in level comply with §303 of the 2010 Standards; and

q.      Whether turning spaces comply with § 304 of the 2010 Standards; and

r.      Whether floor and ground spaces comply with §305 of the 2010 Standards; and

s.      Whether knee and toes clearances comply with §306 of the 2010 Standards; and

t. Whether protruding objects comply with §307 of the 2010 Standards; and

u.      Whether the reach ranges comply with §308 of the 2010 Standards; and

v.      Whether the operating parts on accessible features comply with §309 of the 2010 Standards; and

w.      Whether accessible routes comply with §402 of the 2010 Standards; and

x.      Whether walking surfaces comply with §403 of the 2010 Standards; and

y.      Whether doors, doorways and gates comply with §404 of the 2010 Standards; and

z.      Whether ramps comply with § 405 of the 2010 Standards; and

aa.     Whether curb ramps comply with §406 of the 2010 Standards; and

bb.     Whether any elevators comply with §407 of the 2010 Standards; and

cc.     Whether any platform lifts comply with §410 of the 2010 Standards; and

dd.     Whether any stairways comply with §504 of the 2010 Standards; and

ee.     Whether handrails on elements requiring handrails comply with §505 of the 2010 Standards; and

ff.     Whether the plumbing facilities comply with Chapter 6 of the 2010 Standards with respect to all the following subchapters of Chapter 6: §§ 602 (drinking fountains), 603 (toilets and bathing rooms), 604 (water closets and

13

toilet compartments, 605 (urinals), 606 (lavatories and sinks), 607 (bathtubs), 607 (shower compartments), 608 (grab bars), 610 (seats in bathtubs and shower compartments), and

gg.     Whether service counters comply with 904 of the 2010 Standards.

39.     As a result of the deficiencies described above, Plaintiff declined to book a room at the hotel.

40.     The removal of accessibility barriers listed above is readily achievable.

41.     As a direct and proximate result of ADA Violations, Defendant's failure to remove accessibility barriers prevented Plaintiff from equal access to the Defendant's public accommodation.

**WHEREFORE,** Plaintiff prays for all relief as follows:

A.  Relief described in 42 U.S.C. §2000a – 3; and

B.  Relief described in 42 U.S.C. § 12188(a) and (b) and, particularly -

C.  Injunctive relief order to alter Defendant's place of public accommodation to make it readily accessible to and usable by ALL individuals with disabilities; and

D.  Requiring the provision of an auxiliary aid or service, modification of a policy, or provision of alternative methods, to the extent required by Subchapter III of the ADA; and

E.  Nominal damages in the form of equitable relief to secure complete justice; and

F.  For costs, expenses and attorney's fees; and

G.  All remedies provided for in 28 C.F.R. 36.501(a) and (b).

14

**COUNT TWO**
Negligence

42.    Plaintiff realleges all allegations heretofore set forth.

43.    Defendant had a duty to Plaintiff to remove ADA accessibility barriers so that Plaintiff as a disabled individual would have full and equal access to the public accommodation.

44.    Defendant breached this duty.

45.    Defendant is or should be aware that, historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem[1].

46.    Defendant knowingly and intentionally participated in this historical discrimination against Plaintiff, causing Plaintiff damage.

47.    Discrimination against individuals with disabilities persists in the use and enjoyment of critical public accommodations[2].

48.    Defendant's knowing and intentional persistence in discrimination against Plaintiff is alleged, causing Plaintiff damage.

49.    Individuals with disabilities, including Plaintiff, continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, overprotective rules and policies, failure to make

---

[1]     42 U.S.C. § 12101(a)(2)

[2]     42 U.S.C. §12101(a)(3)

modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser services, programs, activities, benefits, jobs, or other opportunities[3].

50.     Defendant's knowing and intentional discrimination against Plaintiff reinforces above forms of discrimination, causing Plaintiff damage.

51.     Census data, national polls, and other studies have documented that people with disabilities, as a group, occupy an inferior status in our society, and are severely disadvantaged socially, vocationally, economically, and educationally[4].

52.     Defendant's knowing and intentional discrimination has relegated Plaintiff to an inferior status in society, causing Plaintiff damage.

53.     The Nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living, and economic self-sufficiency for such individuals[5].

54.     Defendant's knowing and intentional discrimination has worked counter to our Nation's goals of equality, causing Plaintiff damage.

55.     Continued existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency

---

[3]
    42 U.S.C. §12101(a)(5)

[4]
    42 U.S.C. §12101(a)(6)

[5]
    42 U.S.C. §12101(a)(7)

and nonproductivity[6].

56.    Defendant's   knowing   and   intentional   unfair   and   unnecessary discrimination against Plaintiff demonstrates Defendant's knowing and intentional damage to Plaintiff.

57.    Defendant's breach of duty caused Plaintiff damages including, without limitation, the feeling of segregation, discrimination, relegation to second class citizen status the pain, suffering and emotional damages inherent to discrimination and segregation and other damages to be proven at trial.

58.    By violating Plaintiff's civil rights, Defendant engaged in intentional, aggravated and outrageous conduct.

59.    The ADA has been the law of the land since 1991, but Defendant engaged in a conscious action of a reprehensible character, that is, Defendant denied Plaintiff her civil rights, and cause her damage by virtue of segregation, discrimination, relegation to second class citizen status the pain, suffering and emotional damages inherent to discrimination and segregation and other damages to be proven at trial

60.    Defendant either intended to cause injury to Plaintiff or defendant consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to Plaintiff.

61.    Defendant is liable to Plaintiff for punitive damages in an amount to be proven at trial sufficient, however, to deter this Defendant and others similarly situated from pursuing similar acts.

---

[6] 42 U.S.C. §12101(a)(8)

**WHEREFORE,** Plaintiff prays for relief as follows:

    A.  For finding of negligence; and

    B.  For damages in an amount to be proven at trial; and

    C.  For punitive damages to be proven at trial; and

    D.  For such other and further relief as the Court may deem just and proper.


### REQUEST FOR TRIAL BY JURY

Plaintiff respectfully requests a trial by jury in issues triable by a jury.

DATED this 17th day of February, 2018.

**STROJNIK, P.C.**

Peter Strojnik, 6464
Attorneys for Plaintiff

### VERIFICATION

Plaintiff verifies that she has read the forgoing and that the factual allegations stated above are true and correct to the best of her knowledge, information and belief. Plaintiff makes this verification under the penalty of perjury.


/s/ Angelica T. Damiano
Authorized Electronically